IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bruce A. Hill, #223106, ) | Case No.: 4:23-cv-06038-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Judge Steven H. John, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Plaintiff Bruce A. Hill, #223106 ("Hill" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 Complaint against Defendant Judge Steven H. John, alleging violations of his Eighth and Fourteenth Amendment rights. (DE 1.) Hill alleges that because his sentencing judge resigned recently, he must have been unqualified when he sentenced him years ago. (DE 10). Hill also alleges because he was incarcerated, he was stabbed as his injuries. (*Id.*) Hill's request for relief is monetary damages and an "early release date if possible." (DE 1.)

Since Hill filed this action under 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted" is "frivolous or malicious," or "seeks monetary relief against a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on January 18, 2024, the Magistrate Judge issued the Report given his initial review of the pleadings. The Report recommended the action be dismissed because "the sole Defendant is a judge. Plaintiff's claims against a judicial defendant are based on official participation and resulting judicial rulings made in relation to Plaintiff's case. The doctrine of absolute judicial immunity bars such claims." (DE 16, pp. 3-4.) The Report also recommends Hill's claims be dismissed with prejudice and without issuance and service of process. (*Id.* p. 4.)

Hill objected to the Report on January 31, 2024 (DE 18); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute*.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After liberally construing Hill's response to the Report, the Court gleans the following "objection" to the Report. Hill objects that his trial judge was unqualified when he sentenced him because he resigned from his position. (DE 18, p. 2.) Nevertheless, Hill offers nothing to connect his incarceration or injuries with the trial judge's resignation. The Report correctly notes that,

> [t]he doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely

> recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

(DE 16, p. 4.) Given that the trial judge has absolute immunity from a claim for damages arising from his judicial actions, the Court overrules Hill's objection.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it by reference.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is dismissed *with prejudice*, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

Florence, South Carolina
August 21, 2024

Joseph Dawson, III
United States District Judge

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.